[Cite as *State v. Nelder*, 2025-Ohio-2906.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JON C. NELDER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 CO 0003

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2023 CR 706

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito J. Abruzzino,* Columbiana County Prosecutor, *Atty. Danielle Menning* and *Atty. Bret R. Hartup,* Assistant Prosecutors, for Plaintiff-Appellee

*Atty. Michael A. Partlow*, for Defendant-Appellant

Dated:  August 14, 2025

**WAITE, J.**

{¶1}   Appellant Jon C. Nelder appeals the January 13, 2025 judgment entry of the Columbiana County Common Pleas Court convicting him of pandering obscenity involving a minor and tampering with the evidence.  Appellant contests the trial court's imposition of consecutive sentences.  For the reasons that follow, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

<u>Factual and Procedural History</u>

{¶2}   This appeal is the result of a plea agreement.  The case began after law enforcement received a tip that Appellant's email address may contain child pornography images.  Law enforcement obtained a search warrant for Appellant's residence, and Appellant was at home during the execution of the warrant.  At one point, an officer saw Appellant reach for a computer mouse attached to a computer.  The officer told Appellant not to touch anything, as such action on his part could result in a charge of tampering with evidence.  Among other items, police located three cell phones during the search.  These were placed on a table while the search continued.  Not long after, an officer noticed one of the phones was missing.  Although Appellant initially denied any part in the phone's disappearance, he eventually admitted that he had taken the phone and placed it underneath a couch cushion.  When police retrieved the phone, an officer found the phone's photo folder was open to a video of a ten-year-old child engaged in a sex act.  Apparently, Appellant was watching the video.

{¶3}   As a result of the search, 492 images of child pornography were recovered from Appellant's phones and computer.  While it is not necessary to describe the content

of specific photographs or video, we note these consist of images depicting children as young as the age of two engaged in sex acts.

{¶4} Consequently, on March 6, 2024, Appellant was indicted on fifty-one counts of various child sexual misconduct felony charges, and a single charge of tampering with the evidence. On September 18, 2024, Appellant pleaded guilty to nineteen of the indicted charges: one count of tampering with evidence, a felony of the third degree in violation of R.C. 2921.12(A)(1); and eighteen counts of pandering obscenity involving a minor, felonies of the fourth degree in violation of R.C. 2907.321(A)(5).

{¶5} On January 13, 2025, the trial court imposed the following sentence: twelve months of incarceration on the tampering conviction, and fifteen months on each of the eighteen pandering convictions, which were ordered to run consecutively. Appellant asked the court at the sentencing hearing to provide him with the aggregate total, which the court said it was unable to provide. While this information should have been provided by the court, the total amounts to twenty-three and one-half years of incarceration.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY SENTENCING APPELLANT TO SENTENCES TO BE SERVED CONSECUTIVELY, AS THE RECORD DOES NOT SUPPORT SUCH A SENTENCE.

{¶6} It is difficult to discern Appellant's exact argument. In his statement of facts Appellant includes facts that appear to be leading to some challenge to the imposition of consecutive sentences based on his mental health issues and relatively clean criminal history. However, these arguments are not actually raised. While the language of

Appellant's stated assignment of error frames the argument as a challenge as to whether the record supports the imposition of consecutive sentences, his actual argument, in essence, asks this Court to overrule the Ohio Supreme Court's precedent concerning the standard of review for felony sentencing.

{¶7} The state addresses Appellant's mental health and criminal history as it may have impacted sentencing, and argues that the trial court made the requisite findings as required by R.C. 2929.14(C)(4). The state does not address Appellant's complaints about the felony sentencing standard of review.

{¶8} The standard for our review of a felony sentence, including any imposition of a consecutive sentence, is found within R.C. 2953.08(G)(2):

The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of

section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶9}** In his brief, Appellant cites to *State v. Glover,* 2024-Ohio-5195, claiming that the existence of not only a majority, but also concurring and dissenting opinions, make it apparent that the felony sentencing standard of review has not been settled. Appellant would have us, instead, to apply a more detailed and involved review in this matter.

**{¶10}** Contrary to Appellant's arguments, the Ohio Supreme Court is clear that despite the various dissents, the standard of review has been settled since the Court's decision in *State v. Marcum,* 2016-Ohio-1002. Unless and until the Ohio Supreme Court changes its current precedent, we are bound by the law and Supreme Court precedent, which Appellant's counsel conceded at oral argument in this matter.

**{¶11}** We note that while Appellant made only one passing reference to "due process" in his brief, he focused on a due process analysis at oral argument. However, he concedes that he failed to adequately raise and preserve this issue in the trial court. Additionally, while he uses the two words "due process" in this passing reference in his brief, without any legal citation or argument this mere mention is insufficient to raise a constitutional issue on appeal.

**{¶12}** While Appellant's brief contains discussion of his poor mental health and limited criminal record, no actual argument was raised addressing these facts in his assignment of error. Even so, and as the state believes this is Appellant's contention on appeal, we will address this issue.

{¶13} The court indicated that it had received the presentence investigation report ("PSI") and noted that Appellant had a very limited criminal record. (Sentencing Hrg., p. 20.) However, the court stated that it must weigh Appellant's mental struggles and relatively clean criminal record against the heinous nature of the current crimes. Thus, the record demonstrates the court properly considered those factors when determining Appellant's sentence.

{¶14} In addition, Appellant claims that he demonstrated remorse for his actions. Contrary to his claims, here, it is questionable that he expressed true remorse. At the sentencing hearing, he stated:

> I would like to say that, Your Honor, this honestly is the result of the mental health that I was stupid enough to put the info to get into my computer and phone on. I didn't get the time to prove it with an expert because my case was pushed through the Court so fast.

(Sentencing Hrg., pp. 12-13.)

{¶15} He also alleged that his Google (Gmail) email account had been hacked. He alleged that this hacker was responsible for the images being sent to his email address. (Sentencing Hrg., p. 14.) Thus, he did not actually accept responsibility for his crimes as he claims on appeal.

{¶16} Appellant also describes his criminal record as containing only one minor incident that occurred in North Carolina. While Appellant is correct in that he has a limited criminal history, his PSI reveals he had two (not one) criminal incidents; one in North Carolina and one in Georgia. The North Carolina incident involved a 2007 conviction for

larceny by an employee, a felony which was amended to a misdemeanor offense. The Georgia matter involved a misdemeanor marijuana charge that was nolled.

{¶17} Appellant technically does not challenge the court's compliance with the relevant statute or that the court made the requisite R.C. 2929.14(C)(4) findings, and his analysis is very limited. Relevant law provides that a trial court must make consecutive sentence findings at the sentencing hearing and incorporate the findings into the sentencing entry. *State v. Bonnell*, 2014-Ohio-3177, ¶ 37. Pursuant to R.C. 2929.14(C)(4), consecutive sentences can be imposed if:

> [T]he court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to [R.C. 2929.16-18], or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

Case No. 25 CO 0003

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶18}** The sentencing court is not required "to give a talismanic incantation of the words of the statute." *State v. Jones*, 2024-Ohio-1083, ¶ 11, quoting *Bonnell* at ¶ 37. Rather, if an appellate court can "glean from the record that the court" made the contested consecutive sentence findings, then its findings are sufficient. *Bonnell* at ¶ 36. A trial court is not required to set forth reasons to support its consecutive sentence findings. *Id.* at ¶ 37.

**{¶19}** Appellant does not contend that the trial court failed to make the requisite consecutive findings at the sentencing hearing or within its judgment entry. A review of the sentencing hearing transcripts and the court's judgment entry reflects that all necessary findings were made.

**{¶20}** Because the court made all of the R.C. 2929.14(C)(4) findings, the court properly imposed consecutive sentences. Contrary to Appellant's argument, this Court has limited authority in reviewing felony sentencing. To the extent that Appellant appears concerned that the trial court failed to recognize his mental health issues and relatively clean criminal record, the record shows that the court properly considered these matter in accordance with R.C. 2929.12(E),(F).

Conclusion

**{¶21}** Appellant contests the trial court's imposition of consecutive sentences and the standard by which this Court is to review Appellant's sentence. This record reflects

the trial court did not err in Appellant's sentencing.  Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Robb, P.J. concurs.

Hanni, J. concurs.

———————————————

For the reasons stated in the Opinion rendered herein, Appellant's assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**