[Cite as *State v. Lewis*, 2026-Ohio-1326.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

MATTHIAS MERRITT LEWIS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 MA 0093

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2025 CR 00068

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Lynn Maro*, Mahoning County Prosecutor, and *Atty. Kristie M. Weibling*, Assistant Prosecutor, for Plaintiff-Appellee

*Atty. Sarah J. Francois*, for Defendant-Appellant

Dated: April 13, 2026

---

**WAITE, P.J.**

{¶1} Appellant Matthias Merritt Lewis appeals a September 16, 2025 judgment entry of the Mahoning County Court of Common Pleas, challenging only his sentence. Appellant argues that the trial court erred in imposing consecutive sentences, as he claims the record does not support the requisite findings within R.C. 2929.14(C)(4). Appellant also contends that the court erred when it considered the larger impact of the child pornography epidemic on society when determining his sentence. Contrary to Appellant's arguments, the record supports the imposition of consecutive sentences and the court was permitted by R.C. 2929.11 to consider the impact of child pornography on society. Hence, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

<u>Factual and Procedural History</u>

{¶2} On October 23, 2024, the Mahoning Valley Human Trafficking Task Force received a tip from the Ohio Internet Crimes Against Children Task Force pertaining to child pornography. During the ensuing investigation, the task force learned that Appellant had been uploading and downloading images of child pornography on his devices. As a result, the task force obtained and executed a search warrant at Appellant's residence and discovered child pornography on at least two electronic devices owned by Appellant. Appellant admitted that he had been viewing and trading child pornography for at least a two-year period, using several different social media platforms. (Sentencing Hrg. Tr., p. 3.)

{¶3} The investigation led to an indictment charging Appellant with five counts of pandering sexually orientated matter involving a minor or impaired person in violation of

R.C. 2907.322(A)(5), felonies of the fourth degree. On June 11, 2025, Appellant pleaded guilty to all counts as charged. Appellant was aware the state intended to seek a five-year term of incarceration, while defense would ask for a lesser sentence.

{¶4} Pending the sentencing hearing, the trial court ordered a forensic examination. A Sexual Offender Risk Assessment was completed by the Forensic Psychiatric Center of Northeast Ohio, Inc. A sentencing memorandum containing information pertaining to the crimes themselves and Appellant's progress in regard to rehabilitative efforts was also presented to the court. The risk assessment contained the conclusion that Appellant did not present a high risk of recidivism.

{¶5} At the sentencing hearing, both Appellant and his mother testified and took responsibility for his actions. The court acknowledged the sincerity exhibited by both Appellant and his mother, but addressed the severity of the crime and the graphic nature of the photographs of the children. In an effort to not only deter Appellant from future violations, but also to deter others, the court agreed with the sentence recommended by the state.

{¶6} On September 16, 2025, the trial court imposed the following sentence: one year of incarceration for each of the five charges, to run consecutively, for an aggregate total of five years. The court allowed Appellant credit for 196 days served. Appellant was also required to register as a tier two sex offender. No fines or costs were assessed. However, Appellant is also subject to a mandatory five-year postrelease control term. It is from this entry that Appellant timely appeals.

Case No. 25 MA 0093

## Standard of Review

{¶7}   The standard for the review of a felony sentence, including any imposition of a consecutive sentence, is found within R.C. 2953.08(G)(2):

The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.   The appellate court's standard for review is not whether the sentencing court abused its discretion.   The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a)  That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b)  That the sentence is otherwise contrary to law.

{¶8}   Before addressing Appellant's actual assignments of error, we note that the state, in a footnote in its brief, inexplicably appears to raise a question as to the trial court's compliance with Crim.R. 11 in accepting Appellant's plea.  This reference is baffling for two reasons.  First, Appellant does not take issue with his plea, raising only sentencing

issues. Thus, he has waived any other matter. Second, while we will forego a complete discussion relative to this non-issue, our own review of the plea hearing reveals no reversible error on the part of the trial court in this regard.

<u>ASSIGNMENT OF ERROR NO. 1</u>

THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES UNDER R.C. 2929.14(C)(4) WHERE THE EVIDENCE DID NOT SUPPORT THE FINDINGS REQUIRED BY R.C. 2929.14(C)(4).

<u>ASSIGNMENT OF ERROR NO. 2</u>

THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES UNDER R.C. 2929.14(C)(4) WITHOUT ESTABLISHING A FACTUAL NEXUS SHOWING THAT THE OFFENSES WERE PART OF A COURSE OF CONDUCT.

**{¶9}** We address Appellant's first two assignments of error together, as they share a common thread. Appellant contends that the record does not support the trial court's finding that consecutive sentences were necessary to protect the public or punish the offender. Appellant appears to actually attack the court's determination in weighing the factors contained in R.C. 2929.12, rather than the consecutive nature of his sentences. Appellant explains that at the time of sentencing, he had been participating in a twelve-step sex addiction group, was engaged in treatment for mental health, and had been compliant with medication management. Appellant also notes that he had no prior criminal record and the forensic evaluation indicated he was at low risk of recidivism.

<u>Case No. 25 MA 0093</u>

Appellant also claims there was a lack of evidence to support the court's finding that his sentence was not disproportionate to the seriousness of his conduct and the danger posed to the public. Appellant specifically objects to the court's determination that pornographic images of children exist because people such as Appellant seek and purchase them, and the only way to combat these behaviors is to adequately punish these crimes. Finally, Appellant contends that the evidence does not support a finding that he engaged in a course of conduct. Appellant claims that the court must specifically identify some facts linking two or more offenses, which the court failed to do, here.

{¶10} The state responds that the trial court is not required to provide reasons to support its findings. Nonetheless, the state asserts that the images, here, were particularly graphic and involve minor, prepubescent girls. The state notes that at least one video depicts a minor appearing to be raped in her sleep. As to the course of conduct, the state points to Appellant's own admission at the sentencing hearing that he has an addiction, and that his long-term behavior satisfied that addiction.

{¶11} The law governing consecutive sentences is found within R.C. 2929.14(C)(4), which provides:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

Case No. 25 MA 0093

(a)   The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)   At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)   The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶12} A trial court must make consecutive sentence findings at the sentencing hearing and incorporate the findings into the sentencing entry.  *State v. Bonnell*, 2014-Ohio-3177, ¶ 37.   The sentencing court is not required "to give a talismanic incantation of the words of the statute."  *State v. Jones*, 2024-Ohio-1083, ¶ 11, quoting *Bonnell* at ¶ 37.  Rather, if an appellate court can "glean from the record that the court" made the contested consecutive sentence findings, then its findings are sufficient.  *Bonnell* at ¶ 36. A trial court is not required to set forth the reasons in support of its consecutive sentence findings.  *Id*. at ¶ 37.

{¶13} Preliminarily, we note that Appellant appears to misread the state's brief. The state does not argue that a trial court need not make all required findings pursuant

to R.C. 2929.14(C)(4). Instead, the state appropriately notes that the court is only required to make one of the three findings within subsection three of that statute.

{¶14} At the hearing, the court acknowledged its duty to credit a defendant for remorse is occasionally at odds with its duty to punish the offender and protect the public. The court explained that sometimes it is required to balance those goals based on the facts of the case. Here, the court explained that as the images were quite graphic and involve minor children, a more severe sentence was required.

{¶15} Discussing whether the imposition of consecutive sentences is necessary to protect the public, punish the offender, and is not disproportionate to the seriousness of the conduct and of the risk posed to the public, the court took a somewhat bifurcated approach. The court weighed Appellant's remorse and rehabilitation efforts against his admission that he had a long-established addiction that he satisfied through child pornography. The court explained that his addiction and corresponding behavior contributed to the overall societal problem, creating a market based on supply and demand when he engaged in uploading and downloading these pornographic images of children. The court reviewed several images recovered from Appellant's devices, focusing on one video of a young girl sleeping who appeared to be raped by an adult male. The court found this to be particularly disturbing, and along with several other of Appellant's images and videos, demonstrated the need to protect the public from future crime and to punish Appellant. (Sentencing Hrg. Tr., p. 24.)

{¶16} As to subsection (c), the court determined that the offenses were a part of a course of conduct. The state asserted at the sentencing hearing that Appellant "admitted to viewing and trading pornography for at least two years leading up to his

arrest. He had utilized social media platforms such as Reddit, Kik, Session, and TeleGuard to trade CSAM, child sex abuse material." (Sentencing Hrg. Tr., p. 3.) As it is apparent that Appellant engaged in the conduct that led to his convictions for more than two years and used at least four different social media platforms, there is evidence of record supporting a course of conduct based on Appellant's own admissions.

{¶17} Based on a review of the record, Appellant's first and second assignments of error are without merit and are overruled.

## ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT IMPOSED A SENTENCE THAT IS CONTRARY TO LAW BY FAILING TO CONSIDER THE INDIVIDUALIZED FACTORS REQUIRED BY R.C. 2929.11 AND R.C. 2929.12 AND BY RELYING ON IMPROPER, NON-STATUTORY SOCIETAL CONSIDERATIONS.

{¶18} Appellant explains that Ohio law forbids a court from extraneous or improper considerations. Appellant contends that the court did just that in this matter by considering during his sentencing the larger "societal issue." Appellant also complains that the court erred in stating that "[t]he reason those images are out there are because people like [Appellant] search for them, crave them, pay for them." (Appellant's Brf., p. 22.) Appellant urges that there is no evidence he paid for any images or that he contributed to any larger societal problem.

{¶19} The state responds that R.C. 2929.11(A) specifically authorizes consecutive sentences "to protect the public from **future crime by the offender and others**." (Emphasis added.) R.C. 2929.11(A). Thus, the court did not err by considering

the larger societal problem of child pornography. The state notes that the individual sentences are within the statutory range and the aggregate maximum sentence Appellant faced was seven and one-half years. Instead, he received only an aggregate five-year term.

{¶20} Before reaching the merits of the arguments, while Appellant appears to concede the standard of review for consecutive sentences is whether the sentence is contrary to law, he asserts that a court's consideration of R.C. 2929.11 and R.C. 2929.12 must be reviewed for an abuse of discretion. There is no question that a felony sentence is not reviewed for an abuse of discretion in Ohio. *See State v. Nelder,* 2025-Ohio-2906 (7th Dist.).

{¶21} As previously discussed, the trial court determined that the seriousness of Appellant's conduct required a sentence designed to punish him and protect the public from his conduct, and in so doing the court considered the larger societal problem of child pornography. While Appellant claims that Ohio law prohibits the court's consideration of the societal issue in imposing his sentence, this is contradicted by R.C. 2929.11(A), which provides in relevant part that "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender *and others*." (Emphasis added.) By specifically noting that one of the purposes in sentencing is to protect the public from "others," it implicitly allows a trial court to consider the deterrent effect as a whole when imposing a sentence.

{¶22} In addition, regardless of whether Appellant paid for these images or not, he admitted to trading them with others. Trading is a form of payment. It is clear that Appellant's desire for these images contributed to demand and would encourage others

to maintain a supply of these images, and Appellant's trading of the images also furthered that supply. Accordingly, Appellant's third assignment of error is without merit and is overruled.

Conclusion

**{¶23}** Appellant argues that the trial court erred in imposing consecutive sentences, as he believes the record does not support the requisite findings of R.C. 2929.14(C)(4). Appellant also argues that the court erred in considering the need to address the damage to society caused by child pornography. Contrary to Appellant's arguments, the record supports the imposition of consecutive sentences and the court was expressly permitted to consider the larger societal issue by R.C. 2929.11. Hence, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Robb, J. concurs.

Hanni, J. concurs.

———————————

For the reasons stated in the Opinion rendered herein, Appellant's assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**